**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DE SOUZA DORGAL BISPOV,

    Petitioner,

    v.                                      No. 2:26-cv-00476-SMD-GJF

DORA CASTRO, *et al.*,

    Respondents.

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner's First Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and the Emergency Motion to Expedite.  Doc. 2; Doc. 12.  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **DENIED** without prejudice.

**BACKGROUND**

Petitioner Gabriel De Souza Dorgal Bispo, a citizen of Brazil, is currently in the custody of Immigration and Customs Enforcement ("ICE").  Doc. 2 ¶ 13.  On January 11, 2016, Petitioner was lawfully inspected and admitted to the United States as a nonimmigrant visitor and has remained in the country since.  *Id.*

On April 22, 2022, Petitioner married a U.S. citizen.  *Id.* ¶ 14.  Petitioner asserts that the marriage is bona fide, and the couple has established their life together in the United States.  *Id.* Through this marriage, Petitioner became statutorily eligible to seek lawful permanent residence under the Immigration and Nationality Act ("INA").  *Id.*  On March 20, 2023, his spouse filed Form I-130, Petition for Alien Relative, on Petitioner's behalf.  *Id.* ¶ 15.  United States Citizenship and Immigration Services ("USCIS") approved the petition, confirming both the marriage's

validity and Petitioner's eligibility to immigrate. *Id.* Meanwhile, Petitioner's Form I-485, Application to Register Permanent Residence or Adjust Status, remains pending. *Id.*

On June 11, 2025, Petitioner was arrested by the Boca Raton Police in Florida and charged with drug trafficking. *Id.* ¶ 17. He ultimately pleaded guilty to the lesser offense of possession of drug paraphernalia. *Id.* The following day, the Department of Homeland Security ("DHS") took Petitioner into custody and issued a Notice to Appear, initiating removal proceedings. *Id.* ¶ 18.

Petitioner's detention has exceeded eight months, during which his immigration hearings were repeatedly rescheduled. *Id.* ¶ 32. On December 22, 2025, Petitioner received a bond hearing, where an immigration judge denied bond after determining that he posed a "danger due to drug charges and arrest." *Id.* Consequently, Petitioner remains detained under INA § 236(a). *Id.* ¶ 35. Although Petitioner has reserved his right to appeal that decision, he has not specified the outcome of the appeal or whether it remains pending. *See* Doc. 2-12.

As his removal proceedings are ongoing and no final order of removal has been entered, Petitioner challenges his continued detention. *Id.* ¶ 36. He requests release or, alternatively, a constitutionally adequate hearing, asserting that his prolonged detention violates 8 U.S.C. § 1226 and the Due Process Clause. *Id.* ¶ 101–113.

## DISCUSSION

I.  <u>This Court Has Jurisdiction to Review Petitioner's Habeas Claims.</u>

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has similarly affirmed that district courts have jurisdiction to hear a noncitizen's challenge to

mandatory detention because that determination is distinct from an order of removal. *Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) ("It appears that subsequently-enacted provisions of the REAL ID Act limiting habeas relief . . . do not apply in these circumstances, as [the petitioner] would not be seeking review of an order of removal, but review of his detention.").

Respondents argue that this Court lacks jurisdiction because Petitioner is detained under 8 U.S.C. § 1226 and has already received a bond hearing before an immigration judge. *See* Doc. 10 at 2. They contend that the proper way to challenge detention under § 1226 is to appeal the bond decision to the Board of Immigration Appeals ("BIA") and then to the Court of Appeals, if necessary. *Id.* Respondents further attempt to distinguish this case from recent challenges to detention under 8 U.S.C. § 1225, which do not require the exhaustion of administrative remedies if a petitioner can demonstrate that it would be futile. Ultimately, Respondents assert that Petitioner is simply unsatisfied with the result of his bond hearing. *Id.* at 2–3.

Petitioner counters that he is not asking this Court to review the immigration judge's discretionary bond determination or seeking appellate review of immigration court proceedings. *See* Doc. 11 at 1–2. Instead, he challenges the constitutionality of his continued civil detention, which has lasted more than eight months without a final order of removal and where removal is not reasonably foreseeable. *Id.*

The Court has jurisdiction to review the legality of Petitioner's detention because it does not review the immigration judge's discretionary decision that petitioner's drug-related offense constitutes a danger. Rather, the Court limits its review to the constitutionality of the detention itself, separate from the merits of the underlying immigration case or removal order.

II.       An Additional Bond Hearing or Release Is Not Warranted Without Appeal.

While acknowledging that Petitioner has been continuously detained for more than eight months as of the date of this Order, the Court concludes that it cannot order an additional bond hearing or Petitioner's immediate release at this time.  *See* Doc. 2 ¶ 32.

On December 22, 2025, Petitioner received a bond hearing where the immigration judge denied bond based on a finding of "danger due to drug charges and arrest." *Id.*  The analysis would differ if bond had been denied for lack of jurisdiction under *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025).  While the BIA held in that case that immigration judges lack the authority to grant bond to noncitizens present in the United States, several courts in this district have disagreed.  These courts have instead found that such detained noncitizens are entitled to a bond hearing, effectively rejecting the BIA's jurisdictional arguments.  *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

In the instant case, Petitioner's bond was denied for the substantive reason that his controlled substance-related conviction posed a danger.  Petitioner has reserved his right to appeal the decision, but he has not updated the Court regarding the appeal's status.  *See* Doc. 2-12.

"When detention becomes unreasonable, the Due Process Clause demands a hearing." *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020). Reasonableness is a "highly fact-specific inquiry," where the duration of detention is the most important factor.[1]  *Id.*   There is no bright-line limit for this factor, as *Jennings v. Rodriguez* explicitly rejected the imposition of a six-month statutory cut-off.  *See Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018).  While the Court agrees with Petitioner that prolonged civil immigration detention can reach a point that raises serious constitutional concerns, it finds that four months of detention following a bond denial based on a finding of danger does not by itself constitute an unreasonable duration or compel a new bond assessment.

Petitioner contends that an administrative appeal would be futile because the Board of Immigration Appeals lacks jurisdiction to adjudicate the constitutional claims arising from his prolonged detention.  Doc. 11 at 4.  However, under the specific circumstances of this case, the Court finds that ordering a new hearing or release four months after the bond denial based on a finding of danger would effectively bypass the immigration judge's substantive determination. This distinguishes the present case from those involving bond denials based on the jurisdictional limitations of *Yajure-Hurtado*.  *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012); *see also Molina Ochoa v. Noem*, No. 1:25-CV-00881-JB-LF, 2025 WL 3125846, at *8 (D.N.M. Nov. 7, 2025).

In *Mwangi*, the Tenth Circuit affirmed the dismissal of a habeas petition alleging that the immigration judge's denial of a bond violated his due process rights.  *See Mwangi*, 465 F. App'x

---

[1] The Third Circuit has provided a nonexhaustive list of four factors to assess whether a noncitizen's detention has grown unreasonable: (1) the duration of detention; (2) whether detention is likely to continue; (3) the reasons for the delay; and (4) whether the conditions of confinement are meaningfully different from criminal punishment, as removal proceedings are civil, not criminal.  *See German Santos*, 965 F.3d at 211.

at 785.  Like Petitioner in this case, the petitioner in *Mwangi* was detained under § 1226 and received a bond hearing.  *Id.* at 786.  The immigration judge denied bond after determining that the petitioner posed a danger to society, and the district court dismissed the habeas corpus petition for lack of jurisdiction.  *Id.* at 785.

The Court acknowledges that Petitioner is not asking it to review the merits of his immigration case.  However, Petitioner did present merits-related arguments, such as the claims that the immigration judge erroneously found him to be a danger despite the lack of a drug trafficking conviction and that Florida's drug paraphernalia statute is categorically overbroad.  This Court lacks jurisdiction to evaluate those issues.  *See* 8 U.S.C. § 1226(e).

Recognizing that Petitioner does not explicitly seek a merits review, the Court declines to dismiss this case for lack of jurisdiction as in *Mwangi*.  Nonetheless, Petitioner has not convinced the Court that a new bond hearing is required at this stage.  Aside from merits-related arguments, Petitioner has neither provided an update regarding his administrative appeal for the bond denial nor demonstrated that such an appeal would be futile.  Within this circuit, there is a scarcity of authority holding that a four-month detention following a § 1226 bond denial based on dangerousness renders the detention unreasonable for due process purposes.

The Court dismisses the Petition without prejudice.  "A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).  To the extent Petitioner may be able to state a tenable claim for relief on grounds other than those currently argued, including upon receipt of a final BIA decision, the Court grants leave to amend.

## CONCLUSION

**IT IS ORDERED** that the Petition is **DISMISSED** without prejudice as described above.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**